UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., ) | |
| ) | C/A No.: 3:17-cv-02346-CMC |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| -vs- ) | **ON MOTION FOR** |
| ) | **DEFAULT JUDGMENT** |
| COLLECTIVE MINDS, LLC, d/b/a Mynt ) | |
| Lounge and Bistro, DRC of SC, INC., ) | |
| d/b/a Mynt Lounge & Bistro, and ) | |
| BENJAMIN WARREN ROGERS, ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

At the times relevant to this action, Plaintiff, J & J Sports Productions, Inc. ("Plaintiff") had exclusive, nationwide commercial television distribution rights to *"Floyd Mayweather, Jr. v. Andre Berto WBA/WBC Welterweight Championship Fight Program*, ("the Program"). The Program, which included commentary, occurred and was broadcast on September 12, 2015.

Plaintiff brought this action against Defendants Collective Minds, LLC, d/b/a Mynt Lounge and Bistro, DRC of SC, Inc., d/b/a Mynt Lounge & Bistro, and Benjamin Warren Rogers (collectively "Defendants") for exhibiting the commercial broadcast of the Program without paying the required licensing fee. Plaintiff's Complaint includes causes of action under 47 U.S.C. § 605 ("Communications Act") and 47 U.S.C. § 553 ("Cable & Television Consumer Protection and Competition Act"), as well as a state-law claim for conversion. Defendants were properly served with the Complaint but failed to file any responsive pleading.

---

[1] Plaintiff initially named an additional Defendant, Dennis Taylor ("Taylor"). Taylor was voluntarily dismissed on October 23, 2017 (ECF No. 8). In light of that dismissal, Taylor is not referenced in the remainder of this order and his name has been removed from the caption.

Pursuant to Plaintiff's request, the Clerk of Court entered default against Defendants on October 24, 2017. ECF Nos. 11, 12. Plaintiff then moved for a default judgment and an award of attorneys' fees and costs under the Communications Act (§ 605) claim, conditionally waiving other claims. ECF No. 13 ¶¶ 5, 6. This motion was served on Defendants. ECF No. 13-8. No response has, however, been filed despite passage of the deadline for doing so. For the reasons set forth below, the motion is granted.

## LIABILITY AND ELECTION OF REMEDIES

Liability has been established by Defendants' default. *See* ECF Nos. 11, 12. Plaintiff has elected to seek damages under its Communications Act claim, conditional on an award of damages under that claim.

## DAMAGES

As liability has been established by Defendants' default, and Plaintiff has conditionally waived its other claims, the only issues remaining for resolution are the amounts of damages, attorneys' fees and costs to be awarded for Defendants' violation of 47 U.S.C. § 605.

Based on Plaintiff's written submissions, to which no opposition has been filed, the court makes the following findings of fact and reaches the following conclusions of law with respect to these issues.

1. Defendants are in default and have, by virtue of their default, admitted all factual allegations in the Complaint.

2. Those allegations include (a) Defendants, without authorization, intercepted a broadcast of a fight program to which Plaintiff held the rights, (b) displayed that fight to patrons in a commercial establishment, and (c) did so knowingly and willfully and for commercial gain.

2

Complaint ¶¶ 17, 18.

3. In addition, Plaintiff alleges and Defendants, by defaulting, admit they bore both vicarious and direct responsibility for the display of the program and are liable for the same. *See* Complaint ¶¶ 10-12, 19-22.

4. The rate Defendants would have paid to lawfully display the Program to their patrons was a minimum of $5,000 (the rate charged for businesses with a seating capacity of 201-250). *See* ECF No. 13-3 at 9 (rate sheet); ECF No. 13-4 at 2 (affidavit of investigator);.

5. Defendants advertised the Program on the business's Facebook page and also charged a cover charge for admission on the night the Program was displayed. ECF No. 13-3 ¶¶ 16, 17 (affidavit of Plaintiff's representative); ECF No. 13-3 at 10-19 (Facebook page print outs); ECF No. 13-4 at 2 (affidavit of investigator).

6. In order to have a deterrent effect, the court finds that the amount of the statutory damage award under subsection 47 U.S.C § 605(e)(3)(C)(i)(II) should be double the amount that would have been paid. Thus, the court awards $10,000 as statutory damages, which is the maximum available.

7. In addition, the court awards enhanced damages of $25,000 under 47 U.S.C § 605(e)(3)(C)(ii) due to the willful and knowing nature of the piracy. In imposing this amount, which is five times the rate that should have been paid, the court considers the aggravating factors discussed above (¶ 5).

8. The court awards attorneys' fees in the amount of $1,555.75 and costs in the amount of $790.00.[2]  Both the award of attorneys' fees and costs are pursuant to 47 U.S.C §

---

[2] Plaintiff's fee request is supported by the affidavit of counsel who performed the work as well as an affidavit from an attorney in another firm supporting the reasonableness of the hours and

605(e)(3)(B)(iii).

WHEREFORE, the court directs entry of judgment against Defendants in the total amount of $37,345.75, representing all damages, costs and attorneys' fees.

                                                                                                                      s/ Cameron McGowan Currie
                                                                                                                   CAMERON MCGOWAN CURRIE
                                                                                                                    Senior United States District Judge

Columbia, South Carolina
December 4, 2017

---

rates sought. ECF Nos. 13-6, 13-7. At least in the absence of any opposition, and none is offered, the court finds these affidavits adequate to support the fee petition. *See*, *e.g.*, *Rum Creek Coal Sales, Inc., v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (advising courts to base awards on the "prevailing market rates in the relevant community"). The rates sought are also consistent with the court's knowledge of rates normally charged for similar work in this district. Costs sought are supported by Plaintiff's counsel's affidavit and various supporting invoices. ECF No. 13-6.